## LA FORA S. BAKER v. THE CITY OF BIG RAPIDS.

*Taxes—Protest—Voluntary payment.*

The payment of a personal property tax assessed under Act No. 153, Laws of 1885, made under protest prior to January 1, 1886, without any demand therefor, or threatened or actual levy under section 31 of said act, is a *voluntary* payment, and a suit for the recovery of the money so paid cannot be maintained.

Error to Mecosta. (Fuller, J.) Argued January 27, 1887. Decided February 10, 1887.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*M. Brown,* for appellant.

*Austin Herrick* and *Frank Dumon,* for defendant.

CHAMPLIN, J. This suit is brought to recover money paid

for taxes claimed to have been illegally assessed against plaintiff upon the general tax-roll for the year 1885. It will not be necessary to pass upon the important questions raised and argued before us, as it appears from the seventh finding of fact that—

"On the thirty-first day of December in the year 1885 the plaintiff paid to the treasurer of the city of Big Rapids the amount of the aforesaid taxes, together with a collection fee of one per cent., the total amount of which is $508.35, stating to said treasurer, at the time of such payment, that he paid such taxes under protest; that said treasurer gave to said plaintiff a receipt, signed by him, that such taxes were paid under protest, and also made a minute in writing of such payment under protest on said tax-roll, and said taxes were received by said treasurer as having been paid under protest by said plaintiff."

The eighth finding of fact is as follows:

"That at the time the plaintiff paid said taxes as aforesaid, the city treasurer had made no demand upon the plaintiff for the payment of said taxes, nor had he made any levy upon any of his personal property for said taxes, nor threatened to seize any thereof to enforce payment of said tax; but that said treasurer, when said taxes were paid, was at the banking office of one F. Fairman for the purpose of receiving such taxes as should be voluntarily paid."

The tax in question was assessed upon personal property. The statute requires the treasurer, during the month of December, to receive taxes on all sums voluntarily paid before the first day of January of the succeeding year, upon which he is entitled to add 1 per cent. for collection fees. After the first of January he may add 4 per cent. for such fees. He is not authorized to enforce collection of any taxes during the month of December, unless he is justly apprehensive of the loss of any personal tax, and then he may enforce its collection; and, if compelled to seize property or bring suit in December, he may add 4 per cent. for collection fees.

It is plain from the finding of facts that the payment by the plaintiff of the taxes assessed against him on the thirty-

first of December was voluntary, and paying under protest did not deprive it of that character. The case is controlled by our previous decisions, and calls for no discussion. *Louden v. East Saginaw*, 41 Mich. 18; *Detroit v. Martin*, 34 Id. 170; *Peninsula Iron Co. v. Crystal Falls*, 60 Id. 80.

The judgment of the circuit court must be affirmed.

The other Justices concurred.